# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| (1) JOANN CHASE, (2) ESTATE OF NELSON FREDERICKS, (3) INEZ BURR, (4) SANDRA GILLETTE, (5) MARION RASMUSON, (6) JOAN MATTHEWS, (7) AMANDA BIRD BEAR, (8) ROGER BIRD BEAR, (9) THOMAS BIRD BEAR, (10) JAMIE LAWRENCE, (11) RAE ANN WILLIAMS, (12) EVELYN LONE BEAR, (13) DOREEN CHARGING, (14) MAVIS HUBER, (15) BETTY YOUNG BIRD, (16) NOREEN YOUNG BIRD, (17) JOAN YOUNG BIRD, (18) MURPHY YOUNG BIRD, (19) DONOVAN FAST DOG, (20) JOYCE EAKIN, (21) JOSEPHINE PARENTEAU, (22) GEORGE FAST DOG, (23) DENISE CAVANAUGH, (24) KAREN KOITE, (25) ARNOLD YOUNG BIRD, (26) DARRYL TURNER, (27) HEATHER DEMARAY, (28) DARLENE EDLEY, (29) EUNICE WHITE OWL, (30) LINDA KROUPA, (31) WAYLON YOUNG BIRD, (32) DEBORAH STAPLES, (33) ANTHONY WHITE OWL, (34) EUGENE WHITE OWL, (35) KATHLEEN WHITE OWL, (36) MARGO BEAN, (37) ALBERT WHITMAN, (38) HERBERT PLEETS, (39) MONIQUE PLEETS, (40) SHARON AUBOL, (41) JANET BENTON, (42) GLORIA FAST DOG, (43) VALERI HOSIE, (44) BETTY MATTHEWS, (45) KENNETH MATTHEWS SR., (46) SHERIDAN MATTHEWS, (47) WILSON WHITE OWL, and (48) TIFFANY WILLIAMS,<br><br>          Plaintiffs,<br><br>  v.<br><br>ANDEAVOR LOGISTICS, L.P, ANDEAVOR, f/k/a TESORO CORPORATION, TESORO LOGISTICS, GP, LLC, TESORO COMPANIES, INC., and TESORO HIGH PLAINS PIPELINE COMPANY, LLC,<br><br>          Defendants. | Civ. No. 5:18-cv-1050-DAE |

)
)

## REPORT ON PLAINTIFFS' AND DEFENDANTS' POSITIONS REGARDING SCHEDULING ORDER

On February 15, 2019, counsel for Plaintiffs and Defendants conferred telephonically and by email concerning the Court's January 17, 2019, Order (Doc. 27). The parties were unable to agree jointly as to issues related to a proposed scheduling order. As such, Plaintiffs and Defendants are filing this report in compliance with the Court's order, setting forth each party's position as to entry at this time of a scheduling order.

**Plaintiffs' position:**

While Plaintiffs understand that there are motions to dismiss that will likely be filed in this matter and a motion to transfer that this Court must decide, Plaintiffs respectfully suggest that these are no legitimate basis to refrain from commencing discovery or scheduling other aspects of this case. Defendants think quite highly of their soon to be filed motion to dismiss. Plaintiffs do not share that opinion and believe there is no serious question as to whether there is subject matter jurisdiction. In any event, Plaintiffs will respond to their motions in proper course instead of wasting the Court's time here.

It is undisputed that Defendants have been in trespass on Plaintiffs' land for over six years. Yet despite this long and continuing trespass, Defendants want to further delay any attempt to force them to leave Plaintiffs' land by delaying the entry of a scheduling order until their motion to transfer and unfiled motions to dismiss are ruled on. This request is unwarranted.

Federal Rule of Civil Procedure 16(b)(2) requires a court to issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," unless the "judge finds good cause for delay." This "good

cause for delay" exception was added to the rule in 2015 with the recognition that it would be used when the parties need more time for a meaningful Rule 26(f) conference due to "[l]itigation involving complex issues, multiple parties, and large organizations, public or private[.]" Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment. Absent is any discussion of delay due to the filing of a motion to dismiss or other discovery related justifications.

In essence, what Defendants seek is a stay of discovery. But this joint scheduling order is not the proper vehicle for that request. A party may seek a stay for discovery for good cause under Federal Rule of Civil Procedure 26(c). *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767–68 (W.D. Tex. 2008). And good cause for a stay of discovery exists when there is a showing of "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id.* (quoting Fed. R. Civ. P. 26(c)). A stay of discovery under Rule 26(c) pending the outcome of a motion to dismiss "is the exception rather than the rule." *Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. April 24, 2008). Indeed, had the Federal rules contemplated that a motion to dismiss "would stay discovery, the Rules would contain a provision to that effect." *Id.*

Defendants make no effort to satisfy the standard under Rule 26(c) for a stay of discovery—indeed, they do not even cite the rule or acknowledge that they have to satisfy it. Nor is this proposed scheduling order the proper vehicle to do so. The Court should thus issue the proposed scheduling order. If Defendants wish to stay discovery, they should file a proper motion and argue that they satisfy Rule 26(c)'s factors for issuing a stay (factors that Plaintiffs do not believe Defendants can satisfy).

Furthermore, Plaintiffs disagree with Defendants that discovery is necessary for class certification in this matter, or that the motion is premature. Defendants fail to recognize that the

Court should determine class certification "[a]t an early practicable time" after a complaint is filed. Fed. R. Civ. P. 23(c)(1)(A). And Defendants fail to point to any specific justification for why discovery is necessary to oppose Plaintiffs' class certification motion. If Defendants truly believe there is a legal justification for denying the motion to certify on this basis, they can state as much in their opposition to the motion, and Plaintiffs will explain in reply why these arguments are baseless.

However, if the Court determines that class discovery is necessary, Plaintiffs request that the discovery occur on an expedited basis. As explained in their class certification brief, Defendants already possess all documents necessary to support certification and identify the class members.

Because there are no grounds to enter a stay and no need for discovery for class certification, Plaintiffs recommend that the following deadlines be entered in the scheduling order, which will provide the parties adequate time to plan and negate the possibility of delay.

Plaintiffs' proposed scheduling order recommendations:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by May 31, 2019.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by May 31, 2019, and each opposing party shall respond, in writing, by June 14, 2019.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by July 1, 2019.

4. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and **shall serve on all parties, but not file**

**the materials required by Fed. R. Civ. P. 26(a)(2)(B)** by August 6, 2019. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall **serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B)** by September 20, 2019. All designations of rebuttal experts shall be made within 14 days of receipt of the report of the opposing expert.

5.  An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 30 days of receipt of the written report of the expert's proposed testimony, or within 30 days of the expert's deposition, if a deposition is taken, whichever is later.

6.  The parties shall complete all discovery on or before November 4, 2019. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.  All dispositive motions shall be filed no later than December 4, 2019. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to 50 pages in length. The court will set a hearing on such motions for a date after the deadline for responses and replies.

8.  This case will not be set for trial until after dispositive motions, if any, have been ruled on. **If parties elect not to file dispositive motions, they must contact the courtroom deputy, Priscilla Springs at (210) 472-6550 ext. 5016, or by email Priscilla_Springs@txwd.uscourts.gov, in order to set a trial date**.

9. The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

10. As noted, all of the parties who have appeared in the action conferred concerning the contents of the recommended proposed scheduling order on February 15, 2019, but were unable to agree to its contents, except where specifically noted above.

11. Plaintiffs have served all parties in this action.

**Defendants' position:**

Defendants respectfully submit that good cause exists under Fed. R. Civ. P. 16(b)(2) to delay issuance of a scheduling order in this putative class action lawsuit until such time as the Court rules on Defendants' motion to dismiss based on several independent grounds and Defendants' motion to transfer to North Dakota.

Defendants have not yet filed an answer due to the filing of pre-answer motions. Specifically, on January 4, 2019, Defendants filed a motion to dismiss based on several independent grounds, including lack of subject matter jurisdiction (Rule 12(b)(1)), failure to state a claim upon which relief can be granted (Rule 12(b)(6)), failure to join a required party under Rule 19 (Rule 12(b)(7)), and failure to exhaust administrative remedies and lack of primary jurisdiction. On the same day, Defendants also filed a motion to transfer this case to North Dakota.

On January 25, 2019, Plaintiffs filed their 149-paragraph First Amended Class Action Complaint ("**Amended Complaint**"). The Amended Complaint does not, in Defendants' view, eliminate any of the grounds for dismissal; in fact, it strengthens them. On February 8, 2019, the parties filed a Joint Motion for Entry of Stipulated Briefing Schedules, which set forth stipulated dates by which the parties would complete briefing with respect to Defendants' dispositive

motion grounds.  *See* Doc. 29.  By Order dated February 11, 2019, the Court ordered that the briefing with respect to Defendants' response(s) to Plaintiffs' Amended Complaint would be according to the schedule stipulated by the parties.  *See* Doc. 30.  Accordingly, Defendants will move on or before March 2, 2019 to dismiss, on multiple independent grounds, the first Amended Complaint.  *Id*.  The briefing on such dispositive grounds will not be completed until April 26, 2019.  *Id*.  Depending on the period of time required by the Court to consider and rule upon the multiple dispositive motion grounds, significant deadlines in Plaintiffs' proposed scheduling order will have already passed or be immediately impending—all before the Defendants have even made an appearance in the case through an answer, if such answer ever becomes necessary.  Of course, if one or more of the dispositive motion grounds are granted, such appearance through an answer will not be necessary.

Furthermore, the motion to transfer remains pending, with Plaintiffs due to respond to that motion on February 22, 2019 and with Defendants' reply due on March 22, 2019.  *See id.*

Defendants respectfully submit that it is premature to issue a scheduling order until such time as Defendants are required, if at all, to enter an appearance through an answer.  Defendants' motion to dismiss will, if granted, negate the need for (i) Defendants to enter an appearance through an answer and (ii) a scheduling order.

Further, the case law recognizes that a court can and should stay discovery while it considers a motion to dismiss, so that the parties (and the court) do not waste time and resources on discovery that might never be needed.  *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (stating that a "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined," and holding that the district court "properly deferred discovery" while deciding Rule 12(b) motions); *Alpha Kappa Alpha*

7

*Sorority Inc. v. Converse Inc.*, 175 F. App'x 672, 682 (5th Cir. 2006) (noting that the court has broad discretion in its administrative management of a case, and that it is within its discretion to postpone issuance of a scheduling order until it decides a motion to dismiss, possibly negating the need for any factual development); *Bickford v. Boerne Indep. Sch. Dist.*, 2006 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016) (Ezra, J.) (granting discovery stay pending motion to dismiss ruling notwithstanding Plaintiff's argument that he would be prejudiced by a stay because it would interfere with scheduling order deadlines set by the Court); *Tostado v. Citibank (South Dakota), N.A.*, 2009 WL 4774771, at * 1 (W.D. Tex. Dec. 11, 2009) (granting stay of discovery pending resolution of defendant's motion to dismiss because "discovery may be limited when disposition of a motion might preclude the need for discovery thus saving time and expense"); *Porter v. U.S.*, Civil No. SA-18-CV-0640-DAE (W.D. Tex. Aug. 23, 2018) at Doc. 18 (finding that, because defendant's motion to dismiss addressed the predicate question of the Court's jurisdiction, judicial economy would be served by waiting to enter a scheduling order until after the District Court decides which, if any, of Plaintiff's claims can proceed); *see also Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (stating that "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted); *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, No. 1:15-CV-188-LJA, 2016 WL 9240615, at *1-2 (M.D. Ga. July 7, 2016)(recognizing that the Eleventh Circuit has instructed that facial challenges to the legal sufficiency of a claim, such as a motion to dismiss based on

failure to state a claim, should be resolved before discovery begins, and delaying issuance of the scheduling order pending ruling upon defendants' motion to dismiss).  This is particularly so where, as here, there are multiple independent grounds for dismissal, and any purported harm, if any, resulting from delaying issuance of the scheduling order is nominal at most when compared to the benefits of saved time, money, and resources, particularly given the nature of this putative class action and the fact that the Bureau of Indian Affairs is in the middle of required administrative proceedings anyway related to the alleged right-of-way holdover as mandated by its own federal regulations.  *Id*; *see also* Doc. 21 (Memorandum in Support of Motion to Dismiss for Failure to Exhaust Administrative Remedies and Lack of Primary Jurisdiction).  There is even further reason for a court to stay discovery when, as here, subject matter jurisdiction is in question.  *See, e.g., U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters.").

      Moreover, if the Court opts to transfer the case to North Dakota, then the North Dakota court should decide scheduling matters.  For all of these reasons, Defendants disagree with Plaintiffs that there are no legitimate reasons to refrain from commencing discovery or scheduling other aspects of this case at this time.  Indeed, good cause exists to defer entry of the scheduling order.

      Accordingly, Defendants urge the Court to defer issuing a scheduling order while the Court considers Defendants' motion to dismiss and motion to transfer.  If the Court were to deny Defendants' motions, then, at that time, the parties could confer on dates and the Court could enter an appropriate scheduling order.

Plaintiffs contend that Defendants are required to file a separate motion to stay discovery. Defendants disagree because, among other things, a scheduling order authorizing the commencement of discovery has not yet been entered. Fed. R. Civ. P. 16(b)(2) expressly provides that a scheduling order may be deferred if good cause exists. For the numerous reasons noted above, and in accordance with sound case law precedent, good cause exists here to defer the scheduling order. If the Court desires a separate motion in addition to this submission— which is being made pursuant to the Court's prior Order, which in turn was made pursuant to Local Rule CV-16(c) (*see* Doc. 27)—then Defendants will file such motion.

Aside from the timing, Defendants disagree with the approach urged by Plaintiffs in their proposed scheduling order, as well as the actions recently taken by Plaintiffs in connection with their filing last night of a Motion for Class Certification, to Appoint Class Representatives, and to Appoint Class Counsel. *See* Doc. 32. Such a motion is extraordinarily premature, including without limitation, because (i) Defendants have not yet even entered an appearance through an answer, but will instead be re-filing its motion to dismiss this case based on multiple independent grounds, (ii) a motion to transfer is pending, and (iii) no discovery on class certification issues has yet occurred. In fact, one of the several motion to dismiss grounds is whether this Court even has subject matter jurisdiction. Proceeding with discovery and class certification briefing before that threshold question (along with the other threshold questions) is addressed by this Court (or the transferee Court) would be improper. And even if the Court were to find that it has subject matter jurisdiction, that this case should not be dismissed for the multiple other independent grounds, and that this is the proper venue for this case (all of which Defendants vehemently dispute), discovery would need to occur as to the various class certification issues before Defendants should be required to respond to a motion for class certification. *See Wal-*

*Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (noting that Rule 23 sets forth more than a mere pleading standard and a party seeking class certification must affirmatively demonstrate compliance with the Rule, and therefore, the court needs to conduct a rigorous analysis that the requirements of Rule 23 have been satisfied by probing behind the pleadings, and which rigorous analysis will involve considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action).  As set forth in Defendants' previously-filed motion to dismiss, and its soon to be re-filed motion to dismiss, Defendants vigorously dispute Plaintiffs' allegations and claims.

Furthermore, while Plaintiffs bring this case as a putative class action, their proposed scheduling order ignores that fact.  Accordingly, in the unlikely event that a scheduling order ever became necessary in this case, Defendants submit that any such scheduling order should provide:

i) a period for discovery on class certification issues for six months following the Court's ruling on the dispositive motion grounds;

ii) a period for disclosures and depositions of experts on class certification issues to include:

    a) Plaintiffs' expert disclosures for class certification required by Fed. R. Civ. P. 26(a)(2), including Plaintiffs' expert reports, due one month after the completion of the period for discovery on class certification issues,

    b) Defendants' expert disclosures for class certification required by Fed. R. Civ. P. 26(a)(2), including Defendants' expert reports, due 45 days after Plaintiffs' expert disclosure deadline, and

      c)      Expert depositions to be completed within 30 days after Defendants' expert disclosure deadline;

iii)    a briefing schedule for any motion for class certification to be filed by Plaintiffs after the close of class certification expert discovery to include:

      a)      Plaintiffs' deadline to file any motion for class certification within one month after the deadline to complete class certification expert depositions,

      b)      Defendants' deadline to file a response to class certification within two months after Plaintiffs' deadline to file such motion, and

      c)      Plaintiffs' deadline to file a reply regarding class certification within one month after Defendants' deadline to file a response to such motion.

Any further deadlines in the case should be deferred until after a decision by the Court on class certification, as such decision will bear significantly on the further discovery needs, if any, of the case.

      Finally, if the case is still pending in this Court at such time, Defendants are not opposed to: (a) the parties providing a report on ADR in compliance with Local Rule CV-88 on or before May 31, 2019; or (ii) the parties asserting claims for relief submitting a written offer of settlement to opposing parties by May 31, 2019, and each opposing party responding, in writing, by June 14, 2019.

Respectfully submitted this 21[th] day of February 2019.

| s/ *Jeffrey A. Webb* | s/ *Keith M. Harper* |
|---|---|
| Jeffrey A. Webb | Keith M. Harper (DC Bar No. 451956) |
| Texas State Bar No. 24053544 | Lawrence S. Roberts (DC Bar No. 480558) |
| jeff.webb@nortonrosefulbright.com | Stephen M. Anstey (DC Bar No. 1048793) |
| Aimeé Vidaurri | Kilpatrick Townsend & Stockton LLP |

Texas State Bar No. 24098550
aimee.vidaurri@nortonrosefulbright.com
300 Convent Street, Suite 2100
San Antonio, TX  78205-3792

Robert D. Comer
(*pro hac vice application granted*)
Colorado State Bar No. 16810
bob.comer@nortonrosefulbright.com
1225 Seventeenth Street, Suite 3050
Denver, CO 80202

*Attorneys for Defendants*

607 14th Street, NW, Suite. 900
Washington, DC 20005-2018
Telephone: (202) 508-5844
Facsimile: (202) 315-3241
Email: kharper@kilpatricktownsend.com

Dustin T. Greene (NC Bar No. 38193)
Kilpatrick Townsend & Stockton LLP
1001 W. Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email: dgreene@kilpatricktownsend.com

Jason P. Steed (TX Bar No. 24070671)
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue Suite 4400
Dallas, TX USA 75201
Telephone: (214) 922-7112
Facsimile: (241) 583-5731
Email: jsteed@kilpatricktownsend.com

*Attorneys for Plaintiffs*

13

## **CERTIFICATE OF SERVICE**

On February 21, 2019, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the ECF System of the court and certify that I have served via the Court's ECF System on all counsel of record or otherwise in compliance with Federal Rule of Civil Procedure 5(b)(2).

Jeffrey A. Webb
Texas State Bar No. 24053544
jeff.webb@nortonrosefulbright.com
Aimeé Vidaurri
Texas State Bar No. 24098550
aimee.vidaurri@nortonrosefulbright.com
300 Convent Street, Suite 2100
San Antonio, TX  78205-3792

Robert D. Comer
(*pro hac vice application granted*)
Colorado State Bar No. 16810
bob.comer@nortonrosefulbright.com
1225 Seventeenth Street, Suite 3050
Denver, CO 80202

                                                          s/ *Keith M. Harper*
                                                          Keith M. Harper